## HENRY HARRISON and THOMAS CASH *vs.* JOHN J. BOCKEE, Jun.

Where the findings of fact of a referee are quite material and largely affect the question of damages, and they are clearly unsustained by the evidence, the court will reverse the judgment entered upon his report and grant a new trial.

APPEAL from a judgment entered upon the report of a referee, in an action upon a contract.

*By the Court*, E. DARWIN SMITH, J. The judgment in this case was clearly based upon the findings of fact in the referee's report in respect to the terms of the contract made by C. H. Schofield & Co. and the defendant. The report of the referee states that he "finds and decides, as matter of fact, that the statement of the complaint in respect to the terms of the contract entered into by the defendant, and in respect to the changes of interest therein prior to the commencement of the suit, and in respect to the performance of those things which

were to be done by the parties who contracted with the defendant whereby the plaintiff became entitled to demand and have performance thereof from the defendant, are true, in manner and form as the same are alleged in the complaint."

And in the said report the referee further finds: "that if the said velocipede toys had been manufactured by the defendant according to the terms of the contract, and delivered to the plaintiffs at the times and in the manner required by the contract, the said toys could have been sold and disposed of by the plaintiffs before the middle of November in the year 1869, at an average profit of sixty cents per dozen, amounting in the aggregate to a profit of five thousand five hundred dollars."

These findings refer to and adopt the allegations of the complaint in respect to the terms of the contract between the parties.

The allegations of the complaint, among others that are thus adopted and affirmed to be true, are as follows: "That on or about the 20th day of June, 1869, said defendant for and in consideration of the agreement made by the plaintiffs hereinafter mentioned, agreed to and with the said C. H. Schofield & Company to manufacture and deliver to them at the city of New York the said patent toys, to the number of one hundred thousand, said toys to be manufactured in good and workmanlike manner, equal in every respect to the sample furnished the defendant by said C. H. Schofield & Company. Said defendant agreed to deliver some of said toys to said C. H. Schofield & Company on or before the 5th day of July, 1869, and to manufacture and deliver to said C. H. Schofield & Company the remainder of said one hundred thousand toys after the first delivery, daily, at the rate of one thousand to three thousand toys per day."

The referee finds these allegations of the complaint

true.  This finding makes it the duty of the defendant, in the performance of said contract, to commence the delivery of said toys on or before the 5th day of July, 1869, and to deliver such toys thereafter at the rate of one thousand to three thousand toys per day.  At least the defendant was bound, upon this construction of the contract, to deliver upon an average one thousand toys per day after the 5th of July, and this would have required pretty much all the months of July, August and September to deliver said one hundred thousand toys. And the proofs show that it was quite indispensable, to effect the sales of said toys, to enable the plaintiffs to make the profits expected, and which the referee finds would have been realized if said toys had been delivered "at the time and in the manner required by the contract," that said toys be delivered within the time above specified.

Upon the question of fact that by the terms of said contract the defendant was thus bound to commence the delivery of said toys on the 5th day of July, and deliver them at the rate of one to three thousand a day thereafter, till the full number of one hundred thousand was delivered as alleged in the complaint and found by the referee, I think the learned referee is mistaken in such finding, and that there is not sufficient proof in the case to sustain the same.

The defendant expressly denies that such was the contract, and he testifies that he expressly refused to agree to deliver the toys at the time and manner stated in the complaint.

There was produced by him, and proved by his testimony and that of one of the plaintiffs—Harrison—a written memorandum of the contract made in New York when the contract was confessedly concluded between the plaintiff and said Harrison, which contains no such provision in regard to the delivery of the toys.  The defendant testified that he then expressly refused, as he

did at all times, to fix a time for the first delivery or for the delivery of any specific number, except that he would do the best he could. Neither the testimony of the plaintiffs nor that of either of the parties contradicts this, but I think corroborates it. The defendant's testimony on this point, it seems to me, contains the true agreement, so far as any was made, in respect to the time and manner of the delivery of the toys as derived from all the testimony on the subject.

The plaintiff Harrison testified on the subject as follows: "I recollect at Utica the defendant said he could not tell what he could do, or how many he could make in a day, till he got men to work; something of the kind."

The plaintiff Cash testified: "he did not remember any thing said to defendant at Utica that perhaps they would want one thousand per day." He further said: "I don't remember that the defendant said he would make one thousand per day provided the machinery we should furnish him would make them." On cross-examination he said: "I don't think he could have said any such thing without my recollecting it. I think he said he could not tell the exact number he could make until he got going."

As the findings of the referee on this part of the case are quite material and largely affect the question of damages, and are clearly unsustained by the evidence, I do not see any other result than that we must reverse the judgment, and grant a new trial, with costs to abide the event.(a)

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

(a) Affirmed by Court of Appeals. (*See* 56 *N. Y.* 668.)